## IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

### John E. MEYER, Respondent.

### No. 97–1984.

Supreme Court of Iowa.

Feb. 18, 1998.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

John E. Meyer, Independence, pro se.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

The respondent, John E. Meyer, an attorney residing and practicing in Buchanan County, Iowa, is charged with misconduct for neglecting a legal matter entrusted to him, a violation of DR 6–101(A)(3), and failing to respond to notices and inquiries from the Board of Professional Ethics and Conduct, a violation of DR 1–102(A)(5) and (6). We conclude that the allegations of the board's complaint were established by a convincing preponderance of the evidence, and we concur with the grievance commission's recommendation of a thirty-day suspension of Meyer's license to practice law with reinstatement permitted only upon the satisfaction of certain conditions.

Meyer admitted the following facts by admitting the allegations of the complaint and by his failure to respond to the board's request for admissions. Meyer is the attorney of record for the estates of Vincent L. Hoskins and Opal Hoskins, which were opened on November 25, 1991, and for the guardianship of Crystal Ranae King. In May 1996, the Buchanan County clerk of court issued probate delinquency notices to Meyer for his failure to timely close the Hoskins' estates and his failure to file an annual report due in the King guardianship. Meyer failed to cure the delinquencies within sixty days and in July 1996, the clerk of court reported the delinquencies to the presiding judge pursuant to Iowa Code section 633.32(2) (1995) and to the chief judge of the judicial district and administrator of the judicial department pursuant to Iowa Rule of Probate Procedure 5(b).

Meyer ultimately filed the annual report in the King guardianship on December 23, 1996.

Since that time, the guardianship has been closed. However, as of the date the board filed its complaint in this matter, the Hoskins' estates remained open. At that time, Meyer had made no effort to obtain the assistance of another attorney to close the estates and, with the exception of one contact with the executor in July 1997, had not obtained the necessary information to close the estates.

The board served notices concerning the delinquent probate matters on Meyer by restricted certified letters dated August 22, 1996, September 23, 1996, and December 13, 1996, and by personal service on October 30, 1996. Although all of the notices requested a response, Meyer failed to respond. At the hearing before the grievance commission, Meyer testified that he realized he had done something wrong, so he did not think he needed to file a response to the notices. At the hearing, Meyer admitted he is inexperienced in the handling of probate matters and had probated only one other estate in his years of practice.

The commission found that Meyer violated DR 6–101(A)(3) by neglecting legal matters entrusted to him in connection with the Hoskins' estates and the King guardianship. He was also charged with failing to respond to the board's notices contrary to DR 1–102(A)(5) and (6). On our de novo review, we conclude that the board has proven both allegations by a convincing preponderance of the evidence.

The question remains as to the appropriate discipline to be applied. We note that Meyer's license was suspended in 1993 for violations of Court Rules 121.1 through 121.5, regarding the client security trust fund, and 123.4, regarding continuing legal education fees and reports.

The division of the grievance commission which heard the evidence in this case recommended that Meyer's license be suspended for thirty days, with several conditions imposed upon reinstatement. Based on the neglect shown in connection with the handling of these matters and Meyer's inattention to the board's inquiries, coupled with his failure to offer any plausible explanation for his transgressions, we believe some form of sanction is necessary and we concur with the commission's recommendation. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Winkel,* 542 N.W.2d 252, 254–55 (Iowa 1996). We hereby order that the respondent's license to practice law in this state is suspended indefinitely with no possibility of reinstatement for thirty days from the date of this order. Reinstatement shall not be allowed unless the respondent demonstrates that he has retained the services of an attorney experienced in probate matters to assist him in closing the Hoskins' estates. We further order that upon reinstatement, respondent shall be prohibited from accepting any probate or estate matters without first aligning himself with competent probate counsel. Costs of this matter are assessed to respondent. *See* Ct. R. 118.22.

**LICENSE SUSPENDED.**